IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

ANTHONY TAMUNOENE, §
    Petitioner, §
 §
v. § Civil Action No. 4:20-CV-1293-O
 §
BILL WAYBOURN, Sheriff, §
Tarrant County, Texas, §
    Respondent. §

## OPINION AND ORDER

Before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by Petitioner, Anthony Tamunoene, a state prisoner who was confined in the Tarrant County jail when the petition was filed, against Bill Waybourn, sheriff of Tarrant County, Texas, Respondent. After considering the pleadings and relief sought by Petitioner, the Court has concluded that the petition should be dismissed for mootness.

**I. BACKGROUND**

At the time this petition was filed, Petitioner was confined in the Tarrant County jail pending revocation of his community supervision in Case No. 1570132D and pending criminal charges for possession of a controlled substance, resisting arrest, evading arrest, and burglary of a habitation. Am. Pet. 2, ECF No. 5; Resp't's Reply 2, ECF No. 8.

In this petition, Petitioner raises the following four grounds for relief related to his confinement:

(1)     his Fourteenth Amendment right to due process is being violated because he has been waiting ten months or more for a court date or probation revocation hearing;

(2)     his Sixth Amendment rights to a speedy revocation hearing and to confront witnesses are being violated because he has not been afforded a revocation

    hearing within 20 days;

  (3)  he is entitled to bail pending a revocation hearing; and

  (4)  he has a state constitutional right to bail.

Am. Pet 5–6, ECF No. 5. Petitioner seeks to have the charges dismissed in Case No. 1632233 and bail. *Id.* at 7.

  Respondent has provided proof that, on February 4, 2021, pursuant to Petitioner's plea of "true" to the motion to revoke, the trial court revoked Petitioner's community supervision in Case No. 1570132D and sentenced Petitioner to five years' confinement in the Texas Department of Criminal Justice. Resp't's Reply, Ex. 2, ECF No. 8. Respondent also provides proof that on the same day then-pending Case No. 1632233 was dismissed on the state's motion on the basis of that revocation and that Petitioner discharged his sentences in his other cases. *Id.* at 2. Petitioner has since been transferred to the Institutional Division of the Texas Department of Criminal Justice to serve his five-year sentence and is presently confined at the Hutchins state jail in Dallas, Texas. *See* TEXAS DEPARTMENT OF CRIMINAL JUSTICE, Offender Information Details, http://www.offender.tdcj.texas.gov/OffenderSearch (last visited May 24, 2021).

## II. DISCUSSION

  Because Petitioner's pending criminal charge(s) in Case No. 1632233 have been dismissed and his community supervision has been revoked and he is no longer entitled to bail pending revocation of his community supervision, if he ever was, this Court can no longer grant the relief requested by Petitioner. The petition has therefore been rendered moot. *See Fassler v. United States*, 858 F.2d 1016, 1018 (5th Cir. 1988); *Bailey v. Southerland,* 821 F.2d 277, 278 (5th Cir. 1987).

**III. CONCLUSION**

For the reasons discussed, the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is **DISMISSED** as moot. A certificate of appealability is **DENIED**. Petitioner has not notified the Court of his current address, therefore the clerk of Court is directed to mail copies of this opinion and order and the final judgment to Petitioner at his address of record and to Petitioner, TDCJ #02337329 at Hutchins State Jail,1500 E. Langdon Road, Dallas, Texas 75241.

**SO ORDERED** on this 24th day of May, 2021.

Reed O'Connor
**UNITED STATES DISTRICT JUDGE**